People v Grant (2018 NY Slip Op 02251)





People v Grant


2018 NY Slip Op 02251


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6131 5333/14

[*1]The People of the State of New York Respondent,
v
Thomas Grant, Defendant-Appellant.


Law Office of Eric Nelson, Staten Island (Eric Nelson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J. at initial suppression motion; Laura A. Ward, J. at further motions, suppression hearings, plea and sentencing), rendered October 5, 2016, convicting defendant of criminal possession of a weapon in the first degree and criminal possession of a controlled substance in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The hearing court properly reopened the suppression hearing to permit the People to present evidence on the theory of inevitable discovery, because the People were not afforded a full and fair opportunity to litigate that issue during the initial hearing (see generally People v Kevin W., 22 NY3d 287 [2013]). Because of the complex history of the suppression proceedings, and through no fault of the People, that issue was outside the scope of the initial hearing.
During the reopened hearing, the People demonstrated a "very high degree of probability" that "normal police procedures" would inevitably have resulted in recovery of the firearms found in a storage locker even without the business cards obtained from an illegal search of defendant's wallet (People v Turriago, 90 NY2d 77, 86 [1997]). The evidence shows that during a lawful search of defendant's van, the police also recovered business cards to the same storage facility in which the firearms were kept, and, like the ones found in defendant's wallet, those cards contained handwritten notes referring to the storage unit in which the firearms were found. Based on this, normal police investigation would have resulted in discovery of the storage facility ledgers, which, along with comments defendant made during an overheard
phone conversation, would have connected the lockers to the drug activities for which defendant was initially arrested.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK